## MIDDLETON vs. THE NEW JERSEY WEST LINE RAILROAD COMPANY.

1. A receiver under the supplement of March 17th, 1870, to the act to prevent frauds by incorporated companies, directed to sell the property, part free from encumbrances, and part subject thereto, and the order and manner of sale specifically directed.

2. Question of constitutionality of that act not passed upon.

---

On application for order directing the receiver to sell the property of the company free from the encumbrance of the mortgages and other liens on the same.

*Mr. Joseph Coult,* for the receiver.

*Mr. Vanatta, Mr. McCarter,* and *Mr. Williamson,* for the holders of bonds secured by mortgage on the railroad.

*Mr. J. F. McGee* and *Mr. Cortlandt Parker,* for the trustees under that mortgage.

*Mr. Gilchrist,* Attorney-General, for the trustees for the support of public schools.

THE CHANCELLOR.

This is an application made under the supplement of March 17th, 1870, (*Pamph. L.,* 1870, *p.* 55,) to the act to prevent frauds by incorporated companies, for an order directing

the receiver to sell the property and the chartered rights, privileges, and franchises of the New Jersey West Line Railroad Company, free from all liens and encumbrances thereon.

By the supplement above referred to, power is given to the Chancellor to appoint, on application of any creditor, mortgagee, or stockholder of any railroad, canal, or turnpike company, incorporated under the laws of this state, which has become insolvent or failed, for ninety days after the same has become due, to pay the interest or principal of any mortgage on its property and franchises, a receiver or receivers, or trustees, who is or are to have and exercise all the powers and authority which it is lawful for receivers or trustees to exercise under the original act. And the supplement provides, that it shall be lawful for the receivers or trustees to sell or lease the canal, railroad, or turnpike belonging to the company, together with all the chartered rights, privileges and franchises of the company, and that the purchaser or purchasers, lessee or lessees, of such work, chartered rights, privileges, and franchises, shall thereafter hold, use and enjoy the same during the whole of the residue of the term limited in the charter of the company, or during the term in the lease specified, in as full and ample a manner as the stockholders of such company could or might have enjoyed the same, subject, however, to all the restrictions, limitations, and conditions contained in the charter; and upon filing in the office of the secretary of state, within six months after such sale or lease, a certificate that they accept the charter of the company whose property has been sold or leased, under some corporate name, different from that of the company, the purchasers or lessees shall become a corporation under the name so specified, with all the powers, rights, privileges, and franchises of the former company. The supplement further provides, that the lessees, or purchasers, or corporation so formed, shall hold and enjoy the property and chartered rights, privileges, and franchises, free and clear of all debts, claims, and demands of creditors, mortgagees, or stockholders, who are to look only to the fund arising from such lease or sale; and the money

so collected is to be paid into this court. It further provides, that where the property is subject to a mortgage, the Chancellor may, with the consent of the plaintiff, or without such consent, if the principal is not due, direct a sale or lease to be made, subject to the mortgage.

The receiver appointed by this court for the creditors and stockholders of the New Jersey West Line Railroad Company, a corporation under the laws of this state, applies for an order authorizing him to sell the property and chartered rights, privileges, and franchises of the company, free from all debts, claims, and demands of creditors, mortgagees, or stockholders. The property is the railroad and land purchased for its construction, and the goods and chattels used on the railroad. It is subject to two mortgages, one only on certain land under water at Jersey City, for $80,000, and interest, held by the trustees for the support of public schools, and the other, claimed by the mortgagees (who are trustees for bondholders,) thereunder, to be upon all the property, chartered rights, privileges, and franchises of the company, but admitted to be subsequent to the first mentioned mortgage.

The mortgagees under the mortgage on the land under water, object to the sale of the property clear of their mortgage, on the ground that they are unable to protect their interest thereunder, and insist that if the sale be ordered, it should be subject to their mortgage. The mortgagees under the other mortgage object to the sale, on the ground that it would deprive them of part of their remedy for the security and collection of their debt, and that the supplement is in contravention of the provision of the constitution of this state, which prohibits the legislature from passing any law depriving a party of any remedy for enforcing a contract which existed when the contract was made. They insist also, that the sale, if ordered, would not be lawfully or equitably ordered to be made subject to the mortgage on the land under water, but clear of theirs. It is obviously of very great importance to the parties in interest, that a final deter-

mination of the questions raised on this application be had at the earliest practicable moment, and before sale of the property. The constitutional question was passed upon in this court, in *Potts* v. *N. J. Arms and Ordnance Co.*, 2 *C. E. Green* 395, in reference to the supplement of March 13th, 1866, (*Nix. Dig.* 409, § 24,) to the act to prevent frauds by incorporated companies. That supplement provides that where the property of an insolvent corporation, in the hands of a receiver or trustees appointed under the original act, is encumbered with mortgages or other liens, the legality of which is brought in question, and the property is of a character materially to deteriorate in value, pending the litigation thereupon, the Court of Chancery may order the receiver or trustees to sell the same, clear of encumbrances, at public or private sale, for the best price that can be obtained, bringing the money into the Court of Chancery, there to remain, subject to the same liens and equities of all parties in interest as was the property before it was sold, and to be disposed of as the said court, by its decree, shall order and direct. The constitutionality of that act was there maintained. The subject was considered also in the Supreme Court, in *Rader* v. *Southeasterly Road District, &c.*, 7 *Vroom* 273. See also *Martin* v. *Somerville Co.*, 3 *Wall. Jr.* 206. Whichever way, however, the decision of this court may be, an appeal will be taken by the one side or the other. In order, therefore, to prevent any delay, and to advance the matter towards its final determination, and that it may, if opportunity be afforded, be heard at the next term of the Court of Errors and Appeals, I deem it proper to make at once, without an expression of opinion, an order *pro forma*, in the premises, from which an appeal may be taken.

There will be an order that the receiver sell at public auction, all the property, rights, privileges and franchises of the company, in the following manner :

*First.* In one parcel, all the corporate rights, privileges and franchises of the company, with its railroad track, right of way, rolling stock and all the property of every kind belonging to the company, included in and covered by the

mortgage given by the company to Benjamin G. Clark and Theodore F. Randolph, trustees, including in the parcel the franchise or right of the company to extend its railroad from Newark to a point in Hudson county ; which property, rights, privileges and franchises shall be sold absolutely freed and cleared of and from all liens and encumbrances of every kind and description whatsoever.

*Second.* Separately and in one parcel, that portion of the property owned by the company known as the water front, situate at Communipaw bay, subject to the mortgage held by the trustees for the support of public schools, and to all other liens and encumbrances now on the same.

*Third.* In such parcels as he may deem most advantageous, the other property held in trust for the company, which is to be sold subject to all the legal and equitable liens thereon, if any.

*Fourth.* All the personal property of the company not covered by the mortgage of Messrs. Clark and Randolph, trustees, in such parcels as he may deem most advantageous ; the property to be sold free and clear of all liens and encumbrances.